JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: CV 04-740 ABC |
| | ) | CR 94-559 ABC |
| Respondent/Plaintiff, | ) | |
| | ) | **ORDER DENYING SECTION 2255 MOTION** |
| v. | ) | |
| | ) | |
| JESSIE RODRIGUEZ BARRON, | ) | |
| | ) | |
| Petitioner/Defendant. | ) | |

_____

    Pending before the Court is Petitioner Jessie Rodriguez Barron's
("Petitioner") Motion to vacate, set aside or correct his sentence
pursuant to 28 U.S.C. § 2255 ("Motion"), filed on April 15, 2008.
Petitioner is appearing pro se.  The Government filed an Opposition on
August 20, 2008.  Petitioner filed a Reply on September 25, 2008.  For
the reasons set forth below, the Court **DENIES** the Motion.

//

//

//

//

//

**BACKGROUND**

On July 15, 1994, Petitioner was indicted on 29 counts relating to his participation in a scheme whereby he convinced a chemical company to sell him thousands of gallons of hydriotic acid, a precursor chemical used to manufacture methamphetamine.  Petitioner then sold those chemicals to methamphetamine manufacturers and laundered the proceeds from those sales.  (CR 24.)[1]  Two of defendant's three co-defendants pled guilty in 1994; the third co-defendant was tried and convicted in 1994.  (CR 48, 52, 81.)  Petitioner was not tried in 1994 because he remained a fugitive until his arrest in 2001 in Las Vegas.  (CR 194.)

Petitioner's jury trial began on June 19, 2001; the jury returned a guilty verdict on all counts.  (CR 217.)  Petitioner was sentenced on March 18, 2002.  Petitioner appealed his conviction.  On April 11, 2003, the Ninth Circuit affirmed the conviction.  (CR 253-254.)

On February 4, 2004, Petitioner filed a motion asking the Court to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255.  (CR 256.)  The Government filed a response to the motion.  On August 26, 2004, the district judge who presided over Petitioner's trial filed an extensive opinion and order denying Petitioner's section 2255 motion.  (CR 261.)  Petitioner filed a notice of appeal seeking a certificate of appealability on the same day his motion was denied.  (CR 262.)  The district court denied Petitioner's request for a certificate of appealability.  (CR 263.)

Petitioner appealed the denial of the certificate of appealability to the Ninth Circuit; the court denied the appeal.  (CR

---

[1]   "CR" refers to the clerk's record in this case.

1  268.)  Petitioner thereafter requested leave to file a second or

2  successive section 2255 motion.  That request was denied.  (CR 272.)

3      Thereafter, on August 5, 2005, Petitioner filed a motion seeking

4  "Rule 60(b) relief."  (CR 273.)  The district court denied the motion.

5  (CR 274.)  Petitioner was granted permission to amend his motion for

6  Rule 60(b) relief; the motion, as amended, was denied.  (CR 277.)

7  Petitioner filed the same motion again on November 16, 2005, and it

8  was denied again, on November 30, 2005.  (CR 278, 279.)

9      Petitioner then filed a notice of appeal seeking review of the

10  court's denial of his motion under Rule 60(b).  (CR 280.)  The

11  district court denied the request for a certificate of appealability;

12  the court of appeals affirmed the denial.  (CR 281, 291.)

13      Without authorization, Petitioner filed another section 2255

14  motion with Judge Dean D. Pregerson; Judge Pregerson denied that

15  motion on August 25, 2006.

16      On April 15, 2008, Petitioner filed his the instant Motion, his

17  third motion under section 2255.

18                              **DISCUSSION**

19      A "second or successive" section 2255 motion may be heard by a

20  district court only if a defendant/petitioner obtains the permission

21  of the court of appeals to file the motion with the district court.

22  See 28 U.S.C. § 2255 (last paragraph); Thompson v Calderon, 151 F.3d

23  918, 920-22 (9th Cir. 1998); see also Ninth Cir. R. 22-3(a).

24      Petitioner filed this motion directly with the district court.

25  As such, he has failed to comply with the procedural requirements for

26  filing a successive section 2255 motion.  Without the Ninth Circuit's

27  permission that Petitioner may file a successive section 2255

28  petition, the Court lacks jurisdiction to address the merits of his

1 | motion.  <u>United States v. Geiger</u>, 2005 WL 1429769, *1 (D. Alaska June
2 | 7, 2005) ("Under 28 U.S.C. §§ 2244(a) and 2255, the Court may not
3 | consider a successive § 2255 motion, without first receiving
4 | authorization from the Court of Appeals for the Ninth Circuit.") As
5 | such, Peitioner's motion must be denued,

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Petitioner's Motion under § 28 U.S.C. 2255.

**DATED:    October 20, 2008**

_____

**AUDREY B. COLLINS**
**UNITED STATES DISTRICT JUDGE**

4